**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4653**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

ROSA DELOCH PORTER,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00174-JAB-1)

Submitted:  May 14, 2010                Decided:  June 11, 2010

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Romallus O. Murphy, LAW OFFICE OF ROMALLUS O. MURPHY, Greensboro, North Carolina, for Appellant.  L. Patrick Auld, Harry L. Hobgood, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosa Porter was convicted by a jury of mail fraud and three counts of making a false statement to a federal investigator, 18 U.S.C. §§ 1001, 1341 (2006), and was sentenced to thirty months imprisonment. Porter timely appealed. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions whether the district court abused its discretion in denying Porter's motion for a continuance, whether the district court properly instructed the jury on the defense of good faith, and whether Porter was denied effective assistance of counsel. Porter has filed a supplemental pro se brief raising numerous issues.

The evidence presented at Porter's trial, read in the light most favorable to the government, see United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), established the following. Porter, doing business as American First Mortgage, recruited a straw buyer (Gregory Hinson) to purchase certain real property in Trinity, North Carolina, for $495,000. Porter submitted a mortgage application, on behalf of Hinson, to Fremont Investment and Loan (Fremont). The application showed that the property was to be Hinson's primary residence; Hinson's income was inflated to qualify for the loan. Porter received $22,000 in brokerage fees at closing. Shortly after closing,

2

Porter and her husband moved into the residence but failed to make the monthly mortgage payments. Fremont initiated foreclosure proceedings in 2003.

Porter was indicted in May 2007 for mail fraud and making false statements; she was convicted of four of the five counts after a jury trial. Based on a total offense level of 19 and a criminal history category I, Porter's advisory guidelines range was 30 to 37 months imprisonment. The district court imposed a sentence at the bottom of the range. Porter timely appealed.

Porter's attorney first challenges the district court's denial of her motion for a continuance. This court reviews the district court's denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." Id. (internal quotation marks and citation omitted).

Here, there was no abuse of discretion. Porter's only reason for seeking a continuance was to have another attorney appointed because she did not believe her appointed attorney was prepared for trial. However, counsel stated that he had been given a one-month continuance and that, contrary to Porter's assertion, he was prepared to try the case. The district court

3

heard testimony from both Porter and her attorney and determined that there had been no breakdown in communications to warrant appointment of new counsel and, based on the timing of Porter's motion, denied the motion for a continuance.

Counsel also asserts that the district court did not adequately instruct the jury on the defense of good faith. However, the record reveals that the district court properly instructed the jury with respect to the meaning of intent as well as the defense of good faith. We find that the district court's instruction, taken as a whole, fairly stated the controlling law and, therefore, there was no abuse of discretion. See United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc) (providing standard).

Finally, counsel questions whether Porter received ineffective assistance of counsel. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because counsel's ineffectiveness does not conclusively appear from the record, we decline to review Porter's ineffective assistance claim on direct appeal.

Porter has also filed a supplemental pro se brief in which she raises numerous challenges to the sufficiency of the evidence, asserts claims of ineffective assistance of counsel,

4

and questions the calculation of the loss attributable to her at sentencing.

Our review of the record, including the transcript of the trial proceedings, discloses that the government presented sufficient evidence to support the jury's verdict as to all counts. With respect to Porter's many claims regarding her attorney's representation, we decline to review these claims as we do not find ineffective assistance on the face of the record.

Finally, Porter challenges the calculation of loss attributable to her at sentencing. The district court's calculation of loss is a factual determination reviewed for clear error. See United States v. Brooks, 111 F.3d 365, 373 (4th Cir. 1997). At sentencing, the district court makes a "reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003); USSG § 2B1.1, cmt. n.2(c). Here, the district court made a reasonable determination regarding the amount of loss resulting from Porter's offenses. Porter has not made an affirmative showing that the findings in the presentence report are unreliable or inaccurate. See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). Therefore, the district court was entitled to adopt the presentence report as its own findings. United States v. Terry, 916 F.2d 157, 162 (4th Cir.

1990).  Accordingly, the district court did not err in calculating the amount of loss attributable to Porter, and thus did not commit clear error.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Porter, in writing, of the right to petition the Supreme Court of the United States for further review.  If Porter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Porter.  We deny all of Porter's pending motions filed in this court.  We further deny counsel's motion to withdraw.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>